1    **WO**

2

3

4

5

6              **IN THE UNITED STATES DISTRICT COURT**

7                **FOR THE DISTRICT OF ARIZONA**

8

9    John Calvin Neuendorf, II,                    No.   CV 12-2724-PHX-RCB (DKD)

10                  Plaintiff,

11      vs.                                          **O R D E R**

12
     St. Joseph's Hospital, et al.,
13                  Defendants.

14

15

16

17          Plaintiff John Calvin Neuendorf, II, who is confined in the Arizona State Prison

18   Complex-Lewis, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983

19   and an Application to Proceed *In Forma Pauperis*.

20   **I.      Three Strikes Provision of 28 U.S.C. § 1915(g)**

21          The Prison Litigation Reform Act of 1995 (PLRA), enacted on April 26, 1996,

22   provides that a prisoner may not bring a civil action or appeal a civil judgment *in forma*

23   *pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while

24   incarcerated or detained in any facility, brought an action or appeal in a court of the

25   United States that was dismissed on the grounds that it is frivolous, malicious, or fails to

26   state a claim upon which relief may be granted, unless the prisoner is under imminent

27   danger of serious physical injury."   28 U.S.C. § 1915(g).   Because § 1915(g) is a

28   procedural rule that does not raise retroactivity concerns, cases that were dismissed

1    before the effective date of § 1915(g), *i.e.*, April 26, 1996, may be counted as qualifying

2    dismissals or "strikes." *Tierney v. Kupers*, 128 F.3d 1310, 1311 12 (9th Cir. 1997).  A

3    prisoner barred from proceeding *in forma pauperis* pursuant to § 1915(g) may proceed

4    under the fee provisions of 28 U.S.C. §§ 1911-14 applicable to everyone else. *Adepegba*

5    *v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996).

6         More than three of the prior actions Plaintiff has filed in federal courts have been

7    dismissed as frivolous, malicious, or as failing to state a claim:

8         (1)    *Neuendorf v. Steinhillber,* CV 10-724-PHX-RCB (DKD), May 5, 2010
9                Order of Dismissal (Doc. 5) and June 21, 2010 Judgment (Doc. 7)
                 dismissing the Complaint and action for failure to file an amended
10               complaint;

11        (2)    *Neuendorf v. John C. Lincoln Medical*, CV 10-752-PHX-RCB (DKD),
12               August 3, 2012 Order of Dismissal (Doc. 6) and Judgment (Doc. 8),
                 dismissing the Complaint and action for failure to state a claim; and
13

14        (3)    *Neuendorf v. Arizona*, CV 10-2238-PHX-RCB (DKD), January 20, 2011
                 Order of Dismissal (Doc. 6) and Judgment (Doc. 8), dismiss the Complaint
15               and action for failure to state a clam.

16        The Court has reviewed the Order of Dismissal in each of these cases and finds

17   that the cases qualify as "strikes" under the 3-strikes provision of § 1915(g) because in

18   each case, the Complaint was dismissed as frivolous or for failure to state a claim.

19   Accordingly, Plaintiff may not bring a civil action without complete pre-payment of the

20   $350.00 filing fee unless he is in imminent danger of serious physical injury.  28 U.S.C.

21   § 1915(g).

22   **II.    Failure to Allege Imminent Danger of Serious Physical Injury**

23        In this case, Plaintiff claims that he was attacked by another inmate, he was

24   prescribed the wrong medication for a period of 9 months, and he is denied access to the

25   courts.  Plaintiff's claims of physical harm all relate to past events.  Claims concerning an

26   "imminent danger of serious physical injury" cannot be triggered solely by complaints of

27   past abuse. *See Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998); *Banos v. O′Guin*,

28   144 F.3d 883, 884 (5th Cir. 1998); *see also Luedtke v. Bertrand*, 32 F. Supp. 2d 1074,

1   1077 (E.D. Wis. 1999).  *See also Andrews*, 493 F.3d at 1053, 1055 ("[T]he availability of

2   the [imminent danger] exception turns on the conditions a prisoner faced at the time the

3   complaint was filed, not some earlier or later time . . . . [T]he exception applies if the

4   complaint makes a plausible allegation that the prisoner faced 'imminent danger of

5   serious physical injury' at the time of filing.").  Plaintiff does not make a credible or

6   coherent allegation that he is in imminent danger of serious physical injury, as required

7   by 28 U.S.C. § 1915(g) to bring this action without complete pre-payment of the $350.00

8   filing fee.  Accordingly, the Complaint and this action will be dismissed without

9   prejudice pursuant to 28 U.S.C. § 1915(g) for failure to pre-pay the $350.00 filing fee.  If

10   Plaintiff wishes to reassert these claims in the future, he must pre-pay the entire $350.00

11   filing fee at the time of filing.

12   **IT IS ORDERED:**

13         (1)    Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is **denied**.

14         (2)    Plaintiff's Complaint (Doc. 1), and this action, are **dismissed** pursuant to 28

15   U.S.C. § 1915(g), without prejudice to Plaintiff filing a complaint in a new case

16   accompanied by the full $350.00 filing fee.  The Clerk of Court must enter judgment and

17   close this case.

18         DATED this 26th day of March, 2013.

19

20

21   _____

22   Robert C. Broomfield
     Senior United States District Judge

23

24

25

26

27

28