WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Calvin Neuendorf, II,<br><br>       Plaintiff,<br><br>  vs.<br><br>St. Joseph's Hospital, et al.,<br><br>       Defendants. | No.  CV 12-2724-PHX-RCB (DKD)<br><br>**O R D E R** |

Plaintiff John Calvin Neuendorf, II, who is confined in the Arizona State Prison Complex-Eyman, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and a deficient Application to Proceed *In Forma Pauperis*. On March 26, 2013, the Court denied the Application to Proceed and dismissed the action under the "three strikes" provision of 28 U.S.C. § 1915(g). On April 5, 2013, Plaintiff filed a Motion for Reconsideration (Doc. 10) in which he argues that the dismissal under § 1915(g) was in error. On May 21, 2013, Plaintiff filed a Notice of Appeal.

The Court will grant Plaintiff's Motion for Reconsideration, direct the Clerk of Court to re-open this case, and give Plaintiff 30 days within which to file a complete Application to Proceed *In Forma Pauperis*. The Court will also deny the remainder of Plaintiff's pending motions.

**I.     Motion for Reconsideration**

Plaintiff argues that dismissal of this action under § 1915(g) was inappropriate

JDDL

because one of the cases counted as a strike, CV 10-2238, was a petition for writ of mandamus, not a civil rights action.

The Ninth Circuit Court of Appeals has determined that the language of § 1915(g) does not encompass habeas petitions and that Congress intended § 1915(g) to address only civil rights and prison condition cases, not habeas petitions. *Andrews v. King*, 398 F.3d 1113, 1122 (9th Cir. 2005); *In re Nagy*, 89 F.3d 115, 117 (2d Cir. 1996) (holding that the application of the PLRA to mandamus petitions depends on the nature of the relief sought–only if the prisoner's mandamus claim is analogous to the typical suits brought under 42 U.S.C. § 1983 complaining about prison conditions does the PLRA apply).

In CV 10-2238, Plaintiff attempted to challenge his ongoing criminal proceedings and sought dismissal of the criminal charges against him and release from jail. The relief Plaintiff sought in CV 10-2238 was not a challenge to prison conditions and therefore dismissal of CV 10-2238 should not count as a strike for purposes of § 1915(g). The Court will therefore grant Plaintiff's Motion for Reconsideration and re-open this case.

**II.   Payment of Filing Fee**

When bringing an action, a prisoner must either pay the $350.00 filing fee in a lump sum or, if granted the privilege of proceeding *in forma pauperis*, pay the fee incrementally as set forth in 28 U.S.C. § 1915(b)(1). An application to proceed *in forma pauperis* requires an affidavit of indigence and a *certified* copy of the inmate's trust account statement for the six months preceding the filing of the Complaint. 28 U.S.C. § 1915(a)(2). An inmate must submit statements from each institution where the inmate was confined during the six-month period. *Id.* To assist prisoners in meeting these requirements, the Court requires use of a form application. LRCiv 3.4.

If a prisoner is granted leave to proceed *in forma pauperis*, the Court will assess an initial partial filing fee of 20% of either the average monthly deposits or the average monthly balance in Plaintiff's account, whichever is greater. 28 U.S.C. § 1915(b)(1). An initial partial filing fee will only be collected when funds exist. 28 U.S.C. § 1915(b)(4).

The balance of the fee will be collected in monthly payments of 20% of the preceding month's income credited to an inmate's account, each time the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).

### III.    Application Fails to Comply With Statute

Plaintiff's Application to Proceed was filed on the court-approved form, but he did not submit a certified six-month trust account statement.  In light of this deficiency, the Court will give Plaintiff 30 days to either pay the $350.00 filing fee or file a complete Application to Proceed *In Forma Pauperis*.

The Arizona Department of Corrections ("ADOC") has notified the Court that a certified trust fund account statement showing deposits and average monthly balances is available from the ADOC's Central Office.  *Accordingly, Plaintiff must obtain the certified copy of his ADOC trust fund account statement for the six months immediately preceding the filing of the Complaint from the ADOC's Central Office*.

### IV.    Motions

On March 27, 2013, April 19, 2013, and June 5, 2013, Plaintiff filed identical "Motions for Conditions of Relief" (Docs. 7, 8, 12 and 20).  The relief Plaintiff seeks in these Motions is unclear and the Court will deny the Motions.  If Plaintiff seeks to add new claims for relief, he may file and amended complaint.

On April 2, 2013, April 19, 2013, and June 27, 2013, Plaintiff filed Motions for Extension of Time (Docs. 9, 13, and 22).  In light of this Order, Plaintiff's Motions for Extension of time are moot and will be denied.

### V.    Warnings

#### A.    Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

. . .

### B. Copies

Because Plaintiff is currently confined in ASPC-Eyman and this case is subject to General Order 12-25, Plaintiff is not required to submit an additional copy of every filing for use by the Court, as would ordinarily be required by Local Rule of Civil Procedure 5.4. If Plaintiff is transferred to a prison other than ASPC-Eyman, he will be notified of the requirements regarding copies for the Court that are required for inmates whose cases are not subject to General Order 12-25.

### C. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's April 5, 2013 Motion for Reconsideration (Doc. 10) is **granted**; the Clerk of Court must reopen this case.

(2) Within 30 days of the date this Order is filed, Plaintiff must either pay the $350.00 filing fee **or** file a complete Application to Proceed *In Forma Pauperis* **and a certified six-month trust account statement**.

(3) If Plaintiff fails to either pay the $350.00 filing fee or file a complete Application to Proceed *In Forma Pauperis* within 30 days, the Clerk of Court must enter a judgment of dismissal of this action without prejudice and without further notice to Plaintiff.

(4) Plaintiff's Motions for Conditions of Relief (Docs. 7, 8, 12, and 20) are **denied**.

(5) Plaintiff's Motions for Extension of Time (Docs. 9, 13, and 22) are **denied**.

(6) The Clerk of the Court must mail Plaintiff a court-approved form for filing an Application to Proceed *In Forma Pauperis* (Non-Habeas).

. . .

- 4 -

JDDL

(7) The Clerk of Court must send a copy of this Order to the Ninth Circuit Court of Appeals.

DATED this 16th day of July, 2013.

_____
Robert C. Broomfield
Senior United States District Judge

JDDL

**Instructions for Prisoners Applying for Leave to Proceed** *in Forma Pauperis*
**Pursuant to 28 U.S.C. § 1915 in a Civil Action (Non-habeas) in Federal Court**

You must pay the $350.00 filing fee plus the $50.00 administrative fees for a civil action. If you later file an appeal, you will be obligated to pay the $455.00 filing fee for the appeal.

If you have enough money to pay the full $400.00 filing and administrative fees, you should send a cashier's check or money order payable to the Clerk of the Court with your complaint.

If you do not have enough money to pay the full $400.00 filing and administrative fees, you can file the action without prepaying the fees. However, the court will assess an initial partial filing fee. The initial partial filing fee will be the greater of 20% of the average monthly deposits or 20% of the average monthly balance in your prison or jail account for the six months immediately preceding the filing of the lawsuit. The court will order the agency that has custody of you to withdraw the initial partial filing fee from your prison or jail account as soon as funds are available and to forward the money to the court.

After the initial partial filing fee has been paid, you will owe the balance of the $350.00 filing fee (you will not be required to pay the $50.00 administrative fee). Until the filing fee is paid in full, each month you will owe 20% of your preceding month's income. The agency that holds you in custody will collect that money and forward it to the court any time the amount in your account exceeds $10.00. The balance of the filing fee may be collected even if the action is later dismissed, summary judgment is granted against you, or you fail to prevail at trial.

To file an action without prepaying the filing fee, and to proceed with an action *in forma pauperis*, you must complete the attached form and return it to the court with your complaint. You must have a prison or jail official complete the certificate on the bottom of the form and attach a certified copy of your prison or jail account statement for the last six months. If you were incarcerated in a different institution during any part of the past six months, you must attach a certificate and a certified copy of your account statement from <u>each</u> institution at which you were confined. If you submit an incomplete form or do not submit a prison or jail account statement with the form, your request to proceed *in forma pauperis* will be denied.

Even if some or all of the filing fee has been paid, the court is required to dismiss your action if: (1) your allegation of poverty is untrue; (2) the action is frivolous or malicious; (3) your complaint does not state a claim upon which relief can be granted; or (4) your complaint makes a claim against a defendant for money damages and that defendant is immune from liability for money damages.

If you file more than three actions or appeals which are dismissed as frivolous or malicious or for failure to state a claim on which relief can be granted, you will be prohibited from filing any other action *in forma pauperis* unless you are in imminent danger of serious physical injury.

Revised 5/1/2013

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____,  ) CASE NO. _____
           Plaintiff,          )
                               )
       vs.                     )        APPLICATION TO PROCEED
                               )        *IN FORMA PAUPERIS*
_____,  )           BY A PRISONER
           Defendant(s).       )        CIVIL (NON-HABEAS)
                               )

    I, _____, declare, in support of my request to proceed in the above entitled case without prepayment of fees under 28 U.S.C. § 1915, that I am unable to pay the fees for these proceedings or to give security therefor and that I believe I am entitled to relief.

    In support of this application, I answer the following questions under penalty of perjury:

1. Have you ever before brought an action or appeal in a federal court while you were incarcerated or detained?  ☐Yes  ☐No   If "Yes," how many have you filed? _____.
Were any of the actions or appeals dismissed because they were frivolous, malicious, or failed to state a claim upon which relief may be granted? ☐Yes   ☐No   If "Yes," how many of them? _____.

2. Are you currently employed at the institution where you are confined?   ☐Yes   ☐No
If "Yes," state the amount of your pay and where you work. _____
_____

3. Do you receive any other payments from the institution where you are confined?   ☐Yes   ☐No
If "Yes," state the source and amount of the payments. _____
_____

4. Do you have any other sources of income, savings, or assets either inside or outside of the institution where you are confined?  ☐ Yes  ☐ No
If "Yes," state the sources and amounts of the income, savings, or assets. _____

I declare under penalty of perjury that the above information is true and correct.

_____          _____
DATE                                              SIGNATURE OF APPLICANT

### CONSENT TO COLLECTION OF FEES FROM TRUST ACCOUNT

I, _____, hereby consent to having the designated correctional officials at this institution release to the Court my trust account information. I further consent to having the designated correctional officials at this institution withdraw from my trust account the funds required to comply with the order of this Court for the payment of filing fees in accordance with 28 U.S.C. § 1915(b).

My consent includes withdrawal from my account by correctional officials of partial initial payments to this Court equal to 20% of the greater of:
   (A) the average monthly deposits to my account for the six-month period preceding my filing of this action, or
   (B) the average monthly balance in my account for the six-month period preceding my filing of this action.

My consent also includes monthly withdrawals from my account by correctional officials of an amount equal to 20% of each month's income. Whenever the amount in my account reaches $10.00, correctional officials will withdraw that amount and forward it to the Court until the required filing fee is paid in full. I understand that I am liable for paying the entire fee, even if my case is dismissed by the Court before the fee is fully paid.

_____          _____
DATE                                              SIGNATURE OF APPLICANT

### CERTIFICATE OF CORRECTIONAL OFFICIAL
### AS TO STATUS OF APPLICANT'S TRUST ACCOUNT

I, _____, certify that as of the date applicant signed this application:
       (Printed name of official)
The applicant's trust account balance at this institution is:                                $_____
The applicant's average monthly deposits during the prior six months is:     $_____
The applicant's average monthly balance during the prior six months is:      $_____
The attached certified account statement accurately reflects the status of the applicant's account.

_____
DATE            AUTHORIZED SIGNATURE            TITLE/ID NUMBER            INSTITUTION