WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

John Calvin Neuendorf, II,

               Plaintiff,

   vs.

St. Joseph's Hospital, et al.,

               Defendants.

No.  CV 12-2724-PHX-RCB (DKD)

**O R D E R**

Plaintiff John Calvin Neuendorf, II, who is confined in the Arizona State Prison Complex-Eyman, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and a deficient Application to Proceed *In Forma Pauperis*.  On March 26, 2013, the Court denied the Application to Proceed and dismissed the action under the "three strikes" provision of 28 U.S.C. § 1915(g).  On April 5, 2013, Plaintiff filed a Motion for Reconsideration (Doc. 10) in which he argued that the dismissal under § 1915(g) was in error.  On May 21, 2013, Plaintiff filed a Notice of Appeal.

In a July 17, 2013 Order, the Court granted the Motion for Reconsideration and gave Plaintiff 30 days within which to file a complete Application to Proceed *In Forma Pauperis*.  On September 19, 2013, Plaintiff's Appeal was dismissed for lack of jurisdiction.  On November 4, 2013, Plaintiff filed a second appeal.

Pending before the Court is Plaintiff's August 26, 2013, incomplete Application to Proceed *In Forma* Pauperis (Doc. 26).  The Court will deny the deficient Application and

JDDL

give Plaintiff a final 30 days to pay the filing fee or file a complete Application to Proceed *In Forma Pauperis*.

## I.      Payment of Filing Fee

When bringing an action, a prisoner must either pay the $350.00 filing fee in a lump sum or, if granted the privilege of proceeding *in forma pauperis*, pay the fee incrementally as set forth in 28 U.S.C. § 1915(b)(1).  An application to proceed *in forma pauperis* requires an affidavit of indigence and a *certified* copy of the inmate's trust account statement for the six months preceding the filing of the Complaint.  28 U.S.C. § 1915(a)(2).  An inmate must submit statements from each institution where the inmate was confined during the six-month period.  *Id.*  To assist prisoners in meeting these requirements, the Court requires use of a form application.  LRCiv 3.4.

If a prisoner is granted leave to proceed *in forma pauperis*, the Court will assess an initial partial filing fee of 20% of either the average monthly deposits or the average monthly balance in Plaintiff's account, whichever is greater.  28 U.S.C. § 1915(b)(1).  An initial partial filing fee will only be collected when funds exist.  28 U.S.C. § 1915(b)(4). The balance of the fee will be collected in monthly payments of 20% of the preceding month's income credited to an inmate's account, each time the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).

## II.      Application Fails to Comply With Statute

Plaintiff's Application to Proceed was filed on the court-approved form, but the "Certificate of Correctional Official as to Status of Applicant's Trust Account" section is not completed and Plaintiff has not submitted a certified six-month trust account statement.  In light of these deficiencies, the Court will give Plaintiff 30 days to either pay the $350.00 filing fee or file a complete Application to Proceed *In Forma Pauperis*.

The Arizona Department of Corrections ("ADOC") has notified the Court that a certified trust fund account statement showing deposits and average monthly balances is available from the ADOC's Central Office.  *Accordingly, Plaintiff must obtain the*

*certified copy of his ADOC trust fund account statement for the six months immediately*
*preceding the filing of the Complaint from the ADOC's Central Office.*

### III.   Motions

On August 14, 2013, Plaintiff filed a Motion to Amend/Correct seeking permission to file an amended complaint.  The Court will grant the Motion and give Plaintiff 30 days within which to file an amended complaint.  However, Plaintiff should note that if he does not comply with the *in forma pauperis* requirements, the Court will not review an amended complaint and will dismiss this action.

On September 4, 2013, Plaintiff filed a Motion for Clarification in which he requests the filing status of several documents.  The Court will grant the Motion to the extent that the Court will direct the Clerk of Court to send Plaintiff a copy of the docket for this case.  The Court will deny the Motion with respect to all other relief requested.  To the extent he requests copies of documents, Plaintiff should note that the Clerk of Court charges 50 cents per page for reproducing any record or paper.  *See* Judicial Conference Schedule of Fees ¶ 4, foll.  28 U.S.C. § 1914.  An inmate has no right to free copies of pleadings.  *See In Re Richard*, 914 F.2d 1526, 127 (6th Cir. 1990) (*per curiam*) (28 U.S.C. § 1915 "does not give a litigant a right to have documents copied and returned to him at government expense").

On November 4, 2013, Plaintiff filed a Motion to Appoint Counsel.  There  is  no constitutional right to the appointment of counsel in a civil case.  *See Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982).  In proceedings *in forma pauperis*, the court may request an attorney to represent any person unable to afford one.  28 U.S.C. § 1915(e)(1).  Appointment of counsel under 28 U.S.C. § 1915(e)(1) is required only when "exceptional circumstances" are present.  *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).  A determination with respect to exceptional circumstances requires an evaluation of the likelihood of success on the merits as well as the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issue involved.  *Id.*  "Neither of these factors is dispositive and

both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Having considered both elements, it does not appear at this time that exceptional circumstances are present that would require the appointment of counsel in this case. Plaintiff is in no different position than many *pro se* prisoner litigants.  The Court will deny without prejudice Plaintiff's Motion to Appoint Counsel.

**IV.    Warnings**

   **A.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

   **B.    Copies**

Because Plaintiff is currently confined in ASPC-Eyman and this case is subject to General Order 12-25, Plaintiff is not required to submit an additional copy of every filing for use by the Court, as would ordinarily be required by Local Rule of Civil Procedure 5.4.  If Plaintiff is transferred to a prison other than ASPC-Eyman, he will be notified of the requirements regarding copies for the Court that are required for inmates whose cases are not subject to General Order 12-25.

   **C.    Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    Plaintiff's August 26, 2013 Application to Proceed *In Forma Pauperis* (Doc. 27) is **denied**.

(2)     Within 30 days of the date this Order is filed, Plaintiff must either pay the $350.00 filing fee **or** file a complete Application to Proceed *In Forma Pauperis* **and a certified six-month trust account statement**.

(3)     If Plaintiff fails to either pay the $350.00 filing fee or file a complete Application to Proceed *In Forma Pauperis* within 30 days, the Clerk of Court must enter a judgment of dismissal of this action without prejudice and without further notice to Plaintiff.

(4)     Plaintiff's August 14, 2013 Motion to Amend/Correct (Doc. 26) is **granted**. Plaintiff has 30 days from the filing date of this Order to file an amended complaint on the court-approved form.

(5)     Plaintiff's September 4, 2013 Motion for Clarification (Doc. 28) is **granted** to the extent that the Clerk of Court must send Plaintiff a copy of the docket for this case. The Motion is **denied** with respect to all other relief requested.

(6)     Plaintiff's October 29, 2013 Motion to Appoint Counsel (Doc. 30) is **denied**.

(7)     The Clerk of the Court must mail Plaintiff a court-approved forms for filing an Application to Proceed *In Forma Pauperis* (Non-Habeas) **and** a civil rights complaint by a prisoner.

DATED this 12th day of December, 2013.

Robert C. Broomfield
Senior United States District Judge

- 5 -

JDDL

**Instructions for Prisoners Applying for Leave to Proceed *in Forma Pauperis*
Pursuant to 28 U.S.C. § 1915 in a Civil Action (Non-habeas) in Federal Court**

You must pay the $350.00 filing fee plus the $50.00 administrative fees for a civil action. If you later file an appeal, you will be obligated to pay the $455.00 filing fee for the appeal.

If you have enough money to pay the full $400.00 filing and administrative fees, you should send a cashier's check or money order payable to the Clerk of the Court with your complaint.

If you do not have enough money to pay the full $400.00 filing and administrative fees, you can file the action without prepaying the fees. However, the court will assess an initial partial filing fee. The initial partial filing fee will be the greater of 20% of the average monthly deposits or 20% of the average monthly balance in your prison or jail account for the six months immediately preceding the filing of the lawsuit. The court will order the agency that has custody of you to withdraw the initial partial filing fee from your prison or jail account as soon as funds are available and to forward the money to the court.

After the initial partial filing fee has been paid, you will owe the balance of the $350.00 filing fee (you will not be required to pay the $50.00 administrative fee). Until the filing fee is paid in full, each month you will owe 20% of your preceding month's income. The agency that holds you in custody will collect that money and forward it to the court any time the amount in your account exceeds $10.00. The balance of the filing fee may be collected even if the action is later dismissed, summary judgment is granted against you, or you fail to prevail at trial.

To file an action without prepaying the filing fee, and to proceed with an action *in forma pauperis*, you must complete the attached form and return it to the court with your complaint. You must have a prison or jail official complete the certificate on the bottom of the form and attach a certified copy of your prison or jail account statement for the last six months. If you were incarcerated in a different institution during any part of the past six months, you must attach a certificate and a certified copy of your account statement from each institution at which you were confined. If you submit an incomplete form or do not submit a prison or jail account statement with the form, your request to proceed *in forma pauperis* will be denied.

Even if some or all of the filing fee has been paid, the court is required to dismiss your action if: (1) your allegation of poverty is untrue; (2) the action is frivolous or malicious; (3) your complaint does not state a claim upon which relief can be granted; or (4) your complaint makes a claim against a defendant for money damages and that defendant is immune from liability for money damages.

If you file more than three actions or appeals which are dismissed as frivolous or malicious or for failure to state a claim on which relief can be granted, you will be prohibited from filing any other action *in forma pauperis* unless you are in imminent danger of serious physical injury.

Revised 5/1/2013

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____, ) CASE NO. _____
                 Plaintiff, )
                       )
        vs.            )      APPLICATION TO PROCEED
                       )       *IN FORMA PAUPERIS*
_____, )      BY A PRISONER
             Defendant(s). )     CIVIL (NON-HABEAS)
_____)

    I, _____, declare, in support of my request to proceed in the above entitled case without prepayment of fees under 28 U.S.C. § 1915, that I am unable to pay the fees for these proceedings or to give security therefor and that I believe I am entitled to relief.

    In support of this application, I answer the following questions under penalty of perjury:

1.  Have you ever before brought an action or appeal in a federal court while you were incarcerated or detained? ☐Yes  ☐No   If "Yes," how many have you filed? _____.
Were any of the actions or appeals dismissed because they were frivolous, malicious, or failed to state a claim upon which relief may be granted? ☐Yes  ☐No   If "Yes," how many of them? _____.

2.  Are you currently employed at the institution where you are confined?  ☐Yes  ☐No
If "Yes," state the amount of your pay and where you work. _____
_____
_____

3.  Do you receive any other payments from the institution where you are confined?  ☐Yes  ☐No
If "Yes," state the source and amount of the payments. _____
_____
_____

4.  Do you have any other sources of income, savings, or assets either inside or outside of the institution where you are confined?                                         ☐Yes        ☐No
    If "Yes," state the sources and amounts of the income, savings, or assets.  _____

    _____

    _____

    I declare under penalty of perjury that the above information is true and correct.

    _____                    _____
              DATE                                      SIGNATURE OF APPLICANT

## CONSENT TO COLLECTION OF FEES FROM TRUST ACCOUNT

I, _____, hereby consent to having the designated correctional officials at this institution release to the Court my trust account information.  I further consent to having the designated correctional officials at this institution withdraw from my trust account the funds required to comply with the order of this Court for the payment of filing fees in accordance with 28 U.S.C. § 1915(b).

My consent includes withdrawal from my account by correctional officials of partial initial payments to this Court equal to 20% of the greater of:

(A)  the average monthly deposits to my account for the six-month period preceding my filing of this action, or

(B)  the average monthly balance in my account for the six-month period preceding my filing of this action.

My consent also includes monthly withdrawals from my account by correctional officials of an amount equal to 20% of each month's income.  Whenever the amount in my account reaches $10.00, correctional officials will withdraw that amount and forward it to the Court until the required filing fee is paid in full.  I understand that I am liable for paying the entire fee, even if my case is dismissed by the Court before the fee is fully paid.

_____                    _____
          DATE                                      SIGNATURE OF APPLICANT

## CERTIFICATE OF CORRECTIONAL OFFICIAL
## AS TO STATUS OF APPLICANT'S TRUST ACCOUNT

I, _____, certify that as of the date applicant signed this application:
          (Printed name of official)
The applicant's trust account balance at this institution is:                    $_____
The applicant's average monthly deposits during the prior six months is:          $_____
The applicant's average monthly balance during the prior six months is:           $_____
The attached certified account statement accurately reflects the status of the applicant's account.

_____
DATE          AUTHORIZED SIGNATURE          TITLE/ID NUMBER          INSTITUTION

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3. <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing Fee</u>.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6. <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $350 filing fee or the application to proceed *in forma pauperis* to:**

<u>Phoenix & Prescott Divisions</u>:   **OR**   <u>Tucson Division</u>:
U.S. District Court Clerk                  U.S. District Court Clerk
U.S. Courthouse, Suite 130            U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10    405 West Congress Street
Phoenix, Arizona  85003-2119          Tucson, Arizona  85701-5010

7.  <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

I hereby certify that a copy of the foregoing document was mailed this _____ (month, day, year) to:
Name:  _____
Address:_____
          Attorney for Defendant(s)
_____
(Signature)

9.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint.  Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12. Completing the Civil Rights Complaint Form.

**HEADING:**

    1. Your Name.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

    2. Defendants.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

    3. Jury Demand.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

    1. Nature of Suit.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "Bivens v. Six Unknown Federal Narcotics Agents" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

    2. Location.  Identify the institution and city where the alleged violation of your rights occurred.

    3. Defendants.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

    You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

    You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page. Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

3

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,  )
(Full Name of Plaintiff)  )
       Plaintiff,  )
   )
      vs.  )  **CASE NO.** _____
   )      (To be supplied by the Clerk)
(1) _____ ,  )
(Full Name of Defendant)  )
(2) _____ ,  )
   )  **CIVIL RIGHTS COMPLAINT**
(3) _____ ,  )  **BY A PRISONER**
   )
(4) _____ ,  )  ☐ Original Complaint
      Defendant(s).  )  ☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them.  )  ☐ Second Amended Complaint

## A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
    ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
    ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
    ☐ Other: _____.

2. Institution/city where violation occurred: _____.

Revised 3/9/07                                   1

**550/555**

## B.  DEFENDANTS

1.  Name of first Defendant: _____. The first Defendant is employed as:
_____at_____.
(Position and Title)                                      (Institution)

2.  Name of second Defendant: _____. The second Defendant is employed as:
_____at_____.
(Position and Title)                                      (Institution)

3.  Name of third Defendant: _____. The third Defendant is employed as:
_____at_____.
(Position and Title)                                      (Institution)

4.  Name of fourth Defendant: _____. The fourth Defendant is employed as:
_____at_____.
(Position and Title)                                      (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?      ☐ Yes      ☐ No

2.  If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

  a.  First prior lawsuit:
       1.   Parties: _____ v. _____
       2.   Court and case number: _____.
       3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

  b.  Second prior lawsuit:
       1.   Parties: _____ v. _____
       2.   Court and case number: _____.
       3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

  c.  Third prior lawsuit:
       1.   Parties: _____ v. _____
       2.   Court and case number: _____.
       3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.  CAUSE OF ACTION

### COUNT I

1.    State the constitutional or other federal civil right that was violated: _____
_____.

2.    **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities      ☐ Mail      ☐ Access to the court      ☐ Medical care
    ☐ Disciplinary proceedings      ☐ Property      ☐ Exercise of religion      ☐ Retaliation
    ☐ Excessive force by an officer      ☐ Threat to safety    ☐ Other: _____

3.    **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what
**each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without
citing legal authority or arguments.
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.    **Administrative Remedies:**
    a.    Are there any administrative remedies (grievance procedures or administrative appeals) available
        at your institution?      ☐ Yes    ☐ No
    b.    Did you submit a request for administrative relief on Count I?      ☐ Yes    ☐ No
    c.    Did you appeal your request for relief on Count I to the highest level?      ☐ Yes    ☐ No
    d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why
        you did not. _____
        _____.

3

## COUNT II

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
  ☐ Basic necessities        ☐ Mail            ☐ Access to the court      ☐ Medical care
  ☐ Disciplinary proceedings ☐ Property        ☐ Exercise of religion     ☐ Retaliation
  ☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.   **Administrative Remedies.**
  a.   Are there any administrative remedies (grievance procedures or administrative appeals) available
       at your institution?                                              ☐ Yes     ☐ No
  b.   Did you submit a request for administrative relief on Count II?    ☐ Yes     ☐ No
  c.   Did you appeal your request for relief on Count II to the highest level?  ☐ Yes   ☐ No
  d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why
       you did not. _____
       _____.

4

**COUNT III**

1. State the constitutional or other federal civil right that was violated: _____
_____.

2. **Count III.** Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
   ☐ Basic necessities        ☐ Mail           ☐ Access to the court        ☐ Medical care
   ☐ Disciplinary proceedings ☐ Property       ☐ Exercise of religion       ☐ Retaliation
   ☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____.

3. **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4. **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                         ☐ Yes    ☐ No
   b. Did you submit a request for administrative relief on Count III?          ☐ Yes    ☐ No
   c. Did you appeal your request for relief on Count III to the highest level?  ☐ Yes    ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____

_____

_____

_____

_____

_____

_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                            DATE                                              SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____

_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.