WO

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

John Calvin Neuendorf, II,

                  Plaintiff,

    vs.

St. Joseph's Hospital, et al.,

                  Defendants.

No.  CV 12-2724-PHX-RCB (DKD)

**O R D E R**

Plaintiff John Calvin Neuendorf, II, who is confined in the Arizona State Prison Complex-Eyman, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and a deficient Application to Proceed *In Forma Pauperis*.  On March 26, 2013, the Court denied the Application to Proceed and dismissed the action under the "three strikes" provision of 28 U.S.C. § 1915(g).  On April 5, 2013, Plaintiff filed a Motion for Reconsideration in which he argued that the dismissal under § 1915(g) was in error.  On May 21, 2013, Plaintiff filed a Notice of Appeal.

In a July 17, 2013 Order, the Court granted the Motion for Reconsideration and gave Plaintiff 30 days within which to file a complete Application to Proceed *In Forma Pauperis*.  On September 19, 2013, Plaintiff's Appeal was dismissed for lack of jurisdiction.

On August 26, 2013, Plaintiff filed a second deficient Application to Proceed *In Forma* Pauperis.  In a December 13, 2013 Order, the Court denied the deficient Application and gave Plaintiff a final 30 days to pay the filing fee or file a complete

Application to Proceed *In Forma Pauperis*.   The Court also granted Plaintiff's Motion to Amend.

On December 17, 2013, Plaintiff filed a Motion for Status (Doc. 33).   On December 31, 2013, he filed a Motion for Extension of Time (Doc. 34).  On January 6, 2014, Plaintiff filed a "Motion for Judgment against the United States" (Doc. 35).

On January 15, 2014, Plaintiff filed a complete Application to Proceed *In Forma Pauperis* (Doc. 37) and a Third Amended Complaint (Doc. 39).  On January 24, 2014, Plaintiff filed another Application to Proceed (Doc. 40) and a Fourth Amended Complaint (Doc. 42).  On February 7, 2014, Plaintiff filed a Fifth Amended Complaint (Doc. 43).

On March 4, 2014, Plaintiff filed a "Motion Quo Statu" (Doc. 44).  On April 1, 2014, Plaintiff filed a "Motion for Leave to Amend Civil Rights Complaint" (Doc. 47) and, on April 9, 2014, a "Motion for Scheduling Conference" (Doc. 48).  Finally, On April 22, 2014, Plaintiff filed a Notice of Appeal to the Ninth Circuit Court of Appeals (Doc. 49).

The Court will dismiss the Fifth Amendment Complaint for failure to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure and give Plaintiff one final opportunity to amend his claims.  Plaintiff will be given **30 days** to file a sixth amended complaint.  **The Court will not grant any further extensions of time and will not consider an amended complaint filed after the 30-day deadline.**

The remainder of Plaintiff's pending Motions will be resolved as discussed below.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's January 15, 2014 Application to Proceed *In Forma Pauperis* (Doc. 37) will be granted.  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1).  The Court will assess an initial partial filing fee of $27.60.  The remainder of the fee will be collected monthly in payments of 20% of the previous month's income credited to Plaintiff's trust account each time the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a separate Order

JDDL

1   requiring the appropriate government agency to collect and forward the fees according to

2   the statutory formula.

3       The Court will deny as moot Plaintiff's January 24, 2014 Application to Proceed

4   *In Forma Pauperis* (Doc. 40).

5   **II.    Statutory Screening of Prisoner Complaints**

6       The Court is required to screen complaints brought by prisoners seeking relief

7   against a governmental entity or an officer or an employee of a governmental entity.  28

8   U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff

9   has raised claims that are legally frivolous or malicious, that fail to state a claim upon

10   which relief may be granted, or that seek monetary relief from a defendant who is

11   immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

12       A pleading must contain a "short and plain statement of the claim *showing* that the

13   pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8

14   does not demand detailed factual allegations, "it demands more than an unadorned, the-

15   defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

16   (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere

17   conclusory statements, do not suffice."  *Id.*

18       "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

19   claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*,

20   550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual

21   content that allows the court to draw the reasonable inference that the defendant is liable

22   for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible

23   claim for relief [is] . . . a context-specific task that requires the reviewing court to draw

24   on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's

25   specific factual allegations may be consistent with a constitutional claim, a court must

26   assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.*

27   at 681.

28

JDDL

1    But as the United States Court of Appeals for the Ninth Circuit has instructed,

2    courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338,

3    342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less

4    stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v.*

5    *Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

6    If the Court determines that a pleading could be cured by the allegation of other

7    facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal

8    of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The

9    Court should not, however, advise the litigant how to cure the defects. This type of

10   advice "would undermine district judges' role as impartial decisionmakers." *Pliler v.*

11   *Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13 (declining to

12   decide whether the court was required to inform a litigant of deficiencies). The Court

13   will dismiss Plaintiff's Fifth Amended Complaint for failure to state a claim, but because

14   the Fifth Amended Complaint may possibly be saved by amendment, will dismiss it with

15   leave to amend.

16   **III.    Fifth Amended Complaint**

17   Plaintiff names more than 40 individuals as Defendants in the Fifth Amended

18   Complaint and raises four claims for relief. Plaintiff seeks injunctive relief and money

19   damages.

20   **IV.    Failure to Comply with Rules 8 and 10 of the Federal Rules of Civil**

21   **Procedure**

22   Rule 8(a) of the Federal Rules of Civil Procedure requires a "short and plain

23   statement of the claim." Fed. R. Civ. P. 8(a)(2). Rule 8(d)(1) states that "[e]ach

24   allegation must be simple, concise, and direct." A complaint having the factual elements

25   of a cause of action scattered throughout the complaint and not organized into a "short

26   and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a). *See*

27   *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988); *see also McHenry v.*

28   *Renne*, 84 F.3d 1172 (9th Cir. 1996). Rule 10(b) of the Federal Rules of Civil Procedure

also requires a plaintiff to state claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Moreover, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Fed. R. Civ. P. 10(b). It is not the responsibility of the Court to review a rambling narrative in an attempt to determine the number and nature of a plaintiff's claims.

The Court has reviewed Plaintiff's Fifth Amended Complaint and concludes that it fails to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Although Plaintiff has used the court-supplied form, several portions of the Fifth Amended Complaint are illegible and each count appears to raise multiple claims against multiple Defendants. The Court cannot meaningfully review the Fifth Amended Complaint, as required by 28 U.S.C. § 1915A(a). Accordingly, the Court will dismiss the Fifth Amended Complaint with leave to amend.

**V.    Leave to Amend**

For the foregoing reasons, Plaintiff's Fifth Amended Complaint will be dismissed for failure to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Within 30 days, Plaintiff may submit a sixth amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a sixth amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the sixth amended complaint and dismiss this action without further notice to Plaintiff.

If Plaintiff files an amended complaint, Plaintiff must write *short, plain* statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

JDDL

Plaintiff must repeat this process for each person he names as a Defendant.  If Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific injury suffered by Plaintiff, the allegations against that Defendant will be dismissed for failure to state a claim.  **Conclusory allegations that a Defendant or group of Defendants has violated a constitutional right are not acceptable and will be dismissed**.

Plaintiff must clearly designate on the face of the document that it is the "Sixth Amended Complaint."  The sixth amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original or Amended Complaints by reference.  **Plaintiff may include only one claim per count.**

A sixth amended complaint supersedes the original complaint and previously filed amended complaints.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat all previous complaints as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised in the previous complaints is waived if it is not raised in a sixth amended complaint.  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

**This is Plaintiff's final opportunity to amend his claims.  The Court will not grant any further extensions of time and will not consider an amended complaint filed after the 30-day deadline.**

**VI.    Motions**

**A.    Motions for Status**

Plaintiff's December 17, 2013 Motion for Status (Doc. 33) and March 4, 2014 "Motion Quo Statu" (Doc. 44) will be granted to the extent that this Order informs Plaintiff of the status of this case.

**B.    Motion for Extension of Time**

The Court will deny as moot Plaintiff's December 31, 2013 Motion for Extension of Time because Plaintiff's Second Amended Complaint was filed within the filing

- 6 -

1  deadline.

2    **C.    Motion for Judgment Against the United States**

3    On January 6, 2014, Plaintiff filed a Motion for Judgment Against the United

4  States (Doc. 35).  The Court has not completed statutory screening of Plaintiff's claims

5  and Defendant United States of America has not been served.  Accordingly, Plaintiff's

6  Motion is not properly before the Court and will be denied.

7    **D.    Motion for Leave to Amend and Motion for Scheduling Conference**

8    Because the Court has dismissed the Fifth Amended Complaint with leave to

9  amend, the Court will grant the Motion to Amend to the extent that Plaintiff has 30 days

10  to file a sixth amended complaint in compliance with this Order.

11    The Court will deny Plaintiff's April 9, 2014 Motion for Status Conference as

12  premature.  There is presently no complaint pending before the Court and Defendants

13  have not yet been served in this action.  If Plaintiff files a sixth amended complaint, the

14  Court will determine whether Plaintiff's claims may proceed and, after Defendants have

15  filed an answer, set a schedule for discovery.

16  **VII.   Warnings**

17    **A.    Release**

18    Plaintiff must pay the unpaid balance of the filing fee within 120 days of his

19  release.  Also, within 30 days of his release, he must either (1) notify the Court that he

20  intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to

21  comply may result in dismissal of this action.

22    **B.    Address Changes**

23    Plaintiff must file and serve a notice of a change of address in accordance with

24  Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion

25  for other relief with a notice of change of address.  Failure to comply may result in

26  dismissal of this action.

27    **C.    Copies**

28    Because Plaintiff is currently confined in ASPC-Eyman and this case is subject to

General Order 14-08, Plaintiff is not required to submit an additional copy of every filing for use by the Court, as would ordinarily be required by Local Rule of Civil Procedure 5.4.  If Plaintiff is transferred to a prison other than ASPC-Eyman, he will be notified of the requirements regarding copies for the Court that are required for inmates whose cases are not subject to General Order 14-08.

### D. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 37) is **granted**.

(2)     As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $27.60.

(3)     The Fifth Amended Complaint (Doc. 43) is **dismissed** for failure to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.  Plaintiff has **30 days** from the date this Order is filed to file a sixth amended complaint in compliance with this Order.

(4)     If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action without prejudice.

(5)     Plaintiff's December 17, 2013 Motion for Status (Doc. 33) is **granted** to the extent this Order informs Plaintiff of the status of this case.

(6)     Plaintiff's Motion for Extension of Time (Doc. 34) is **denied as moot**.

(7)     Plaintiff's Motion for Judgment Against the United States (Doc. 35) is **denied**.

JDDL

1    (8)    Plaintiff's January 24, 2014 Application to Proceed *In Forma Pauperis*
2    (Doc. 40) is **denied** as moot.

3    (9)    Plaintiff's March 4, 2014 "Motion Quo Statu" (Doc. 44) is **granted** to the
4    extent this Order informs Plaintiff of the status of this case.

5    (10)    Plaintiff's April 1, 2014 Motion for Leave to Amend (Doc. 47) is **granted**
6    to the extent that Plaintiff may file a sixth amended complaint in compliance with this
7    Order.

8    (11)    Plaintiff's April 9, 2014 Motion for Scheduling Conference (Doc. 48) is
9    **denied**.

10    (12)    The Clerk of Court must mail Plaintiff a court-approved form for filing a
11    civil rights complaint by a prisoner.

12    DATED this 2nd day of May, 2014.

Stephen M. McNamee
Senior United States District Judge

JDDL

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten.  The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3. <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing Fee</u>.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6. <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $350 filing fee or the application to proceed *in forma pauperis* to:**

Phoenix & Prescott Divisions:   **OR**   Tucson Division:
U.S. District Court Clerk                      U.S. District Court Clerk
U.S. Courthouse, Suite 130                 U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10   405 West Congress Street
Phoenix, Arizona  85003-2119             Tucson, Arizona  85701-5010

7.  Change of Address.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  Certificate of Service.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  See Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name:  _____
> Address:_____
>          Attorney for Defendant(s)
> _____
> (Signature)

9.  Amended Complaint.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  See Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  Exhibits.  You should not submit exhibits with the complaint or amended complaint.  Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  Letters and Motions.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

2

12.  <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

1.  <u>Your Name</u>.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

2.  <u>Defendants</u>.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

3.  <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

1.  <u>Nature of Suit</u>.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

2.  <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

3.  <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page. Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

3

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

## FINAL NOTE

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____

Name and Prisoner/Booking Number

_____

Place of Confinement

_____

Mailing Address

_____

City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____,    )
(Full Name of Plaintiff)    )
         Plaintiff,    )
           )
       vs.    )    **CASE NO.** _____
           )    (To be supplied by the Clerk)
(1) _____,    )
(Full Name of Defendant)    )
(2) _____,    )
           )    **CIVIL RIGHTS COMPLAINT**
(3) _____,    )    **BY A PRISONER**
           )
(4) _____,    )    ☐ Original Complaint
       Defendant(s).    )    ☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them.    )    ☐ Second Amended Complaint

### A. JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
      ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
      ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
      ☐ Other: _____.

2.   Institution/city where violation occurred: _____.

Revised 3/9/07                1                    **550/555**

## B.  DEFENDANTS

1.  Name of first Defendant: _____. The first Defendant is employed as:
_____at_____.
(Position and Title)                                                                                     (Institution)

2.  Name of second Defendant: _____. The second Defendant is employed as:
_____at_____.
(Position and Title)                                                                                     (Institution)

3.  Name of third Defendant: _____. The third Defendant is employed as:
_____at_____.
(Position and Title)                                                                                     (Institution)

4.  Name of fourth Defendant: _____. The fourth Defendant is employed as:
_____at_____.
(Position and Title)                                                                                     (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?       ☐ Yes        ☐ No

2.  If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

   a.  First prior lawsuit:
      1.  Parties: _____ v. _____
      2.  Court and case number:  _____.
      3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
      _____.

   b.  Second prior lawsuit:
      1.  Parties: _____ v. _____
      2.  Court and case number:  _____.
      3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
      _____.

   c.  Third prior lawsuit:
      1.  Parties: _____ v. _____
      2.  Court and case number:  _____.
      3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
      _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

## D.  CAUSE OF ACTION

### COUNT I

1.    State the constitutional or other federal civil right that was violated: _____
_____ .

2.    **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities   ☐ Mail   ☐ Access to the court   ☐ Medical care
☐ Disciplinary proceedings   ☐ Property   ☐ Exercise of religion   ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____

3.    **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____ .

4.    **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____ .

5.    **Administrative Remedies:**
  a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?   ☐ Yes   ☐ No
  b.    Did you submit a request for administrative relief on Count I?   ☐ Yes   ☐ No
  c.    Did you appeal your request for relief on Count I to the highest level?   ☐ Yes   ☐ No
  d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____ .

3

## COUNT II

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities         ☐ Mail            ☐ Access to the court      ☐ Medical care
☐ Disciplinary proceedings  ☐ Property        ☐ Exercise of religion     ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.   **Administrative Remedies.**
a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                ☐ Yes    ☐ No
b.   Did you submit a request for administrative relief on Count II?                           ☐ Yes    ☐ No
c.   Did you appeal your request for relief on Count II to the highest level?                  ☐ Yes    ☐ No
d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**COUNT III**

1.    State the constitutional or other federal civil right that was violated: _____
_____.

2.    **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities            ☐ Mail              ☐ Access to the court       ☐ Medical care
☐ Disciplinary proceedings  ☐ Property       ☐ Exercise of religion       ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.    **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.    **Administrative Remedies.**
   a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                       ☐ Yes    ☐ No
   b.    Did you submit a request for administrative relief on Count III?          ☐ Yes    ☐ No
   c.    Did you appeal your request for relief on Count III to the highest level?  ☐ Yes    ☐ No
   d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on  _____          _____
                        DATE                                        SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____
_____
_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.